**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JIHAD AL-ALI,

     Plaintiff - Appellant

v.

THE CHURCH OF JESUS CHRIST OF
LATTER DAY SAINTS; KEITH D.
SQUIRES; UTAH PUBLIC SAFETY
DEPARTMENT; UTAH HIGHWAY
DIVISION; UNITED STATES
DEPARTMENT OF JUSTICE; ROD J.
ROSENSTEIN, US Attorney General
Deputy; MICHAEL E. HOROWITZ,
Inspector General; FEDERAL BUREAU
OF INVESTIGATION; ROBERT S.
MUELLER, III, Federal Bureau of
Investigation, Headquarters Director;
ANDREW MCCABE, Federal Bureau of
Investigation Headquarters Director;
CHRISTOPHER WRAY, Federal Bureau
of Investigation Headquarters Director;
FEDERAL BUREAU OF
INVESTIGATION SALT LAKE CITY
OFFICE; MARY F. ROOK, Salt Lake City
Office, special agent in charge; ERIC
BARNHART, Salt Lake City Office
special agent in charge; FEDERAL
BUREAU OF INVESTIGATION LOS
ANGELES OFFICE; UNITED STATES
ATTORNEY'S OFFICE FOR THE
DISTRICT OF UTAH; BERT TOLMAN,
US Attorney of the District of Utah; JOHN
W. HUBER, US Attorney for the District
of Utah; UNITED STATES
DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT; SHANE
DONOVAN, former Secretary of US

No. 19-4102
(D.C. No. 2:18-CV-00845-TC)
(D. Utah)

Department of Housing; UNITED STATES POSTAL SERVICE; UNITED STATES SUPREME COURT; UTAH DEPARTMENT AT THE SUPREME COURT; UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT; THE UTAH DEPARTMENT AT THE TENTH CIRCUIT; JENNIFER ORALLY, US District Court Liaison to the Tenth Circuit; CAROLYN B. MCHUGH, Utah Judge; JUDGE MICHAEL W. MCCONNELL, former Utah Judge; UTAH FEDERAL DEFENDER OFFICE; ORRIN HATCH, Utah Senator; DERRELL BROWN, staff to Orrin Hatch; MIKE LEE, Utah Senator; SALT LAKE COMMUNITY COLLEGE; DAVID RICHARDSON; GARY R. HERBERT, former Utah Lieutenant Governor and current Governor in Utah; JON M. HUNTSMAN, JR., former Governor of the State of Utah and currently Ambassador to Russia; UTAH ATTORNEY GENERAL'S OFFICE; SEAN REYES, current Attorney General; RICHARD D BISSELL, Assistant to Utah Attorney General; ROSEMARY BAILY, Assistant to Utah Attorney General; UTAH STATE BAR; UTAH DIVISION OF RISK MANAGEMENT; UTAH SUPREME COURT; UTAH COURT OF APPEALS; THIRD DISTRICT COURT OF SALT LAKE COUNTY; LISA DAVIS, Court Clerk; FNU IWALASKI, Utah Judge; FNU FRATTO, Utah Judge; FNU SCINKY, Utah Judge; FNU QUIEN, Utah Judge; FNU KINEDDY, Utah Judge; VERNICE S. TREASE; UTAH TRANSIT AUTHORITY; FRED ROSS; UTAH BOARD OF EDUCATION; CAROL LAIR; JORDAN SCHOOL DISTRICT; SALT LAKE SCHOOL DISTRICT; DONNA SMITH; UTAH ANTI-

2

DISCRIMINATION OFFICE; HEAHTER MORISON; UTAH WORK FORCES DEPARTMENT; SALT LAKE COUNTY; BEN MCADAMS, Salt Lake County Mayor; RUSS WALL, Salt Lake County Director of Development, Taylorsville former Mayor; SALT LAKE COUNTY PUBLIC DEFENDERS OFFICE; SALT LAKE COUNTY HUMAN RESOURCES; SALT LAKE COUNTY HOUSING AUTHORITY; SALT LAKE COUNTY ANIMAL SERVICES; SALT LAKE COUNTY JAIL; ROSSI RIVERA, Salt Lake County Sheriff; GREATER SALT LAKE UNIFIED POLICE DEPARTMENT; THE PRIVET COMPANY; TRACY C. WYANT, Chief of Police of Taylorville City; DON HUTSON, Chief of Police Holladay City; TAYLORSVILLE CITY; LARRY JOHNSON, Taylorsville former Mayor; KRISTIE STEADMAN OVERSON, Taylorsville current Mayor; MICHAEL W. KWAN, Taylorsville Justice Court Utah Judge; DAVID CHURCH, Taylorsville Attorney; STORE AND LOCK STORAGE HEADQUARTER; MURRAY CITY; MURRAY CITY JUSTICE COURT; W. PAUL THOMPSON, Utah Judge; SOUTH SALT LAKE CITY; SOUTH SALT LAKE CITY JUSTICE COURT; CATHERINE M. JOHNSON, Utah Judge; SALT LAKE CITY; JAMES ROGERS, City Council Chairman; SCOTT FREITAG, Director for Salt Lake city Public Safety 911 bureau; SALT LAKE CITY PROSECUTOR'S OFFICE; SALT LAKE CITY MEAN LIBRARY; SALT LAKE CITY HOUSING OFFICE; SALT LAKE CITY JUSTICE COURT; JUDGE VIRGINA WARD, Utah Judge; WEST VALLEY CITY; WAYNE T. PYLE, West Valley City Manager; RON BEGLOW, City

3

Mayor; COLLEEN JACOBS, West Valley City Chief of Police; WEST VALLEY CITY ANIMAL SERVICES; SAINT MARKS HOSPITAL; INTERMOUNTIAN MEDICAL CENTER; LDS HOSPITAL; UNIVERSITY OF UTAH; UNIVERSITY OF UTAH LAW DEPARTMENT; UNIVERSITY OF UTAH HOSPITAL; GOLD CROSS AMBULANCE; LOS ANGELES CITY; NORTH AMERICA SECURITY; STATE OF CALIFORNIA; EDMUND G. BROWN, Governor of the State of California; BANK OF AMERICA; REBECCA KING; STUART T. MATHESON, Bank of America Utah trustee; JAMES DEAN, Bank of America Utah attorney; SOS EMPLOYMENT GROUP, f/k/a SOS Staffing Service; LABOR READY CORPORATE OFFICE HEADQUARTERS; MCDONALD'S CORPORATE OFFICE; MCDONALD'S FAST FOOD RESTRAINT; MCDONALD'S STORE 916 W NORTH TEMPLE SALT LAKE CITY UT 84116; MCDONALD'S STORE 4217 S REDWOOD ROAD TAYLORSVILLE UT 84123; MCDONALDS STORE 210 W 500 S SALT LAKE CITY UT 84101; 7-ELEVEN STORE HEADQUARTERS CORPORATE UNITED STATES; 7-ELEVEN STORES HEADQUARTERS CORPORATE UTAH; 7-ELEVEN STORE #24075 515 N 300 W SALT LAKE CITY, UT 84103; 7-ELEVEN STORE 6398 S HIGHLAND DRIVE SALT LAKE CITY UT 84104; SMITH'S FOOD & DRUG CENTERS, corporate office; SMITH'S GROCERY STORE 4065 S REDWOOD RD SALT LAKE CITY UT 84123; MBSC; NATHAN BROWN, MBSC Property Manager; SIERRA TOWING; VALLEY COAL;

4

K-TALK RADIO STATION; JIM
CRICKWOOD, K-Talk Radio Station
Host; TRAVELERS AID; VOLUNTEERS
OF AMERICA, headquarters;
VOLUNTEERS OF AMERICA SALT
LAKE CITY; FOURTH STREET
CLINIC; GREYHOUND BUS; NET10
WIRELESS; BRET JOHNSON, court
administrator,

     Defendants - Appellees.

—————————————————

**ORDER AND JUDGMENT**[*]
—————————————————

Before **HOLMES**, **KELLY**, and **BACHARACH**, Circuit Judges.
—————————————————

Jihad Al-Ali, proceeding pro se, appeals from the district court's order

dismissing his civil rights action without prejudice. The court determined that the

case should be dismissed because Mr. Al-Ali's pro se amended complaint failed to

comply with Rules 8 and 12 of the Federal Rules of Civil Procedure. Exercising

jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

The district court reviewed Mr. Al-Ali's initial complaint and dismissed it

without prejudice to him filing an amended complaint. The court stated that it could

not understand his claim and reminded Mr. Al-Ali that Rule 8 required "that he give

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

5

'a short and plain statement of the claim showing that the pleader is entitled to relief'" R. at 66 (quoting Fed. R. Civ. P. 8).

Mr. Al-Ali filed an amended complaint. The court noted that Mr. Al-Ali's amended complaint "name[d] approximately 140 defendants, complain[ed] of actions occurring over the last fourteen years, and demand[ed] $777 million as well as non-monetary remedies." *Id.* at 112. The court further noted that "[i]n his thirty-seven-page amended complaint, [Mr. Al-Ali's] numerous allegations are sweeping and very general, and are not linked to any named defendant or cause of action. In short, the court cannot understand the nature of his claims, the specific acts of which he complains, or what each defendant did to injure him." *Id*. at 113.

Because the amended complaint did not comply with Rule 8 and provide a short and plain statement of each claim showing how Mr. Al-Ali was entitled to relief, the district court concluded that Mr. Al-Ali had not given the named defendants sufficient notice of the claims against them. The court also noted that to avoid dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "each claim asserted by the plaintiff must list all of the elements of the cause of action, assign facts to each element, list the defendant against whom he brings that claim, and ask for relief the court can provide." *Id*. The court determined that "Mr. Al-Ali's attempt to correct the deficiencies of his original complaint [was] not sufficient to avoid dismissal under Rules 8 and 12." *Id*.

On appeal, Mr. Al-Ali argues that we should set aside the district court's dismissal, but he offers no reasoned rebuttal to the deficiencies the district court

6

identified in the amended complaint.  Mr. Al-Ali's amended complaint alleges ten causes of action.  As the district court correctly observed, Mr. Al-Ali "vaguely lists, but does not explain, numerous causes of action[,]" and "[a] few causes of action are listed with no allegations linked to them."  *Id*.  Seven of the causes of action contain just one word or one sentence.  *See*, *e.g*., *id*. at 98-100.  Two causes of action fail to connect any of the allegations to any of the defendants by name, *id*. at 94-96, and the remaining cause of action simply recites information about the use of biological weapons but does not allege any connection to Mr. Al-Ali or any of the defendants, s*ee id*. at 97.

As we have explained, "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."  *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).  We agree with the district court that "[Mr. Al-Ali's] amended complaint does not satisfy the necessary pleading requirements."  R. at 114.  Accordingly, we affirm the district court's dismissal of Mr. Al-Ali's case.  We deny Mr. Al-Ali's motion to change venue.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

7